# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs August 5, 2008

## ALLAN JOSEPH ROBLES v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Henry County**
**Nos. 13673    Donald E. Parish, Judge**

---

**No. W2008-00038-CCA-R3-PC  - Filed November 10, 2008**

---

The petitioner, Allan Joseph Robles, appeals the Henry County Circuit Court's denial of his petition for post-conviction relief from his conviction for aggravated sexual battery and resulting twelve-year sentence. On appeal, he contends that he received the ineffective assistance of counsel because his trial attorney failed to file a motion to suppress his confession to police. Upon review of the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which THOMAS T. WOODALL and D. KELLY THOMAS, JR., JJ., joined.

Jim L. Fields, Paris, Tennessee, for the appellant, Allan Joseph Robles.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Hansel Jay McCadams, District Attorney General; and Beth Boswell-Hall, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

We glean the following facts from this court's opinion in the petitioner's direct appeal: On February 7, 2004, the petitioner was at home alone with his girlfriend's eleven-year-old daughter and touched the victim over her jeans in her groin area. State v. Allan Joseph Robles, No. W2005-00516-CCA-R3-CD, 2006 Tenn. Crim. App. LEXIS 296, at *2 (Jackson, Apr. 10, 2006), perm. to appeal denied, (Tenn. 2006). The victim later told her mother, and her mother confronted the petitioner. Id. at *4. According to the victim's mother, the petitioner admitted to her that he touched the victim between her legs. Id. at *5. On February 10, 2004, Detective William Gary

Vandiver of the Henry County Sheriff's Department interviewed the petitioner. Id. at *10. During the interview, the petitioner gave a written statement in which he said he got an "urge" and "put my hand between her legs, over her pants but on her private." Id. at *11.

After this court affirmed the petitioner's conviction and our supreme court denied his application for permission to appeal, the petitioner filed a timely petition for post-conviction relief. The petitioner claimed, in pertinent part, that he received the ineffective assistance of counsel because his trial attorney failed to file a motion to suppress his confession. According to the petition, Detective Vandiver interrogated the petitioner and "repeatedly question[ed] the Petitioner until he elicited an answer he deemed appropriately disparaging." The petition also claimed that Detective Vandiver told the petitioner that the petitioner "would be at risk to be deported back to the Philippines" if he did not cooperate. In the petition, the petitioner said he admitted to touching the victim because he feared deportation. The post-conviction court appointed counsel to represent the petitioner.

At the evidentiary hearing, the petitioner testified that he was born in the Philippines and that he came to the United States in 1987. The petitioner said he did not know how to speak English at that time but learned to speak English "gradually . . . through the years." He stated that he "went to school as soon as [he] came here from the Philippines and . . . was in high school in Chicago." Although he did not graduate from high school, he obtained his GED in 2000. He acknowledged that in his petition for post-conviction relief, he claimed that his confession was coerced and that he received the ineffective assistance of counsel. He stated that Detective Vandiver read him Miranda warnings before his interview. After he gave his statement, Detective Vandiver asked him to sign some papers. The petitioner stated that he was "a little intimidated" and that he signed his statement. Detective Vandiver did not threaten the petitioner but told the petitioner he knew the petitioner "had done this before." Detective Vandiver also told the petitioner that he would get help for the petitioner from the district attorney if the petitioner cooperated. Regarding the petitioner's claim in his petition that Detective Vandiver threatened him with deportation, the petitioner said, "I kinda made that up." The petitioner said he did not believe his mind was clear when he gave his confession because he had smoked three or four marijuana cigarettes the previous night. Detective Vandiver did not ask the petitioner before the interview if the petitioner had used drugs or alcohol.

The petitioner testified that he met with trial counsel three or four times and that counsel spent no more than one hour talking with him. Counsel advised the petitioner to waive his preliminary hearing, and the State offered to let the petitioner plead guilty in return for an eight-year sentence to be served at eighty-five percent. The petitioner did not want to plead guilty, but counsel told the petitioner that a jury would convict him if he went to trial. Nevertheless, the petitioner decided to go to trial "to prove that I'm innocent." The petitioner thought that counsel did a good job during the trial and that counsel was going to be able to prove the victim was lying. However, after the jury convicted the petitioner, the petitioner "realized that a lot of things went wrong." He said counsel did not discuss filing pretrial motions, such as a motion to suppress, with him.

On cross-examination, the petitioner acknowledged that he could read English but testified

that he still had problems with his vocabulary. When asked if he understood everything trial counsel said to him, he stated, "Yes, pretty clearly, this time." Although Detective Vandiver wrote out the petitioner's statement, the petitioner initialed the end of every line and signed the bottom of each page. The petitioner acknowledged that counsel filed a motion for discovery prior to trial and that counsel provided him with a copy of all discovery materials. Counsel advised the petitioner not to testify at trial, and the petitioner followed counsel's advice. However, the petitioner had wanted to testify.

Detective Vandiver testified that he told the petitioner that if the petitioner gave a statement, it would be provided to the district attorney's office and the court. Detective Vandiver interviewed the petitioner and wrote the petitioner's statement. In addition to the district attorney's office, the petitioner's statement was provided to trial counsel. On cross-examination, Detective Vandiver testified that he went over the petitioner's rights with him and that the petitioner signed a waiver of rights form. The petitioner initialed each line of the written statement and signed the bottom of each page. The petitioner did not appear to be under an altered mental state at the time of the confession. On redirect examination, Detective Vandiver testified that he did not know the petitioner was not a United States citizen at the time of the petitioner's interview and that he did not threaten to have the petitioner deported.

The petitioner's trial attorney testified that he had been a public defender since 1987. He received a copy of the petitioner's statement and went over the statement with the petitioner. He questioned the petitioner about whether Detective Vandiver had made any threats or promises and asked the petitioner about the petitioner's having signed the written statement. Based upon his discussions with the petitioner, he saw no grounds to support a motion to suppress. The petitioner originally had agreed to accept the State's eight-year plea offer but decided after "Motions Day" that he was going to trial. Even though "Motions Day" had passed, counsel would have filed a motion to suppress if he had thought grounds existed for it. The petitioner told counsel that he had a GED, and counsel saw no indication that the petitioner did not understand what was going on. Counsel told the petitioner that he had a right to testify but that the State would be able to question him about some of his prior convictions. The petitioner decided not to testify.

On cross-examination, counsel testified that he met with the petitioner eight to ten times. Counsel had a forensic evaluation performed on the petitioner, and the evaluation concluded the petitioner was competent and sane at the time of the crime. Counsel acknowledged that on the day of the petitioner's preliminary hearing, the petitioner waived the hearing because he planned to accept the State's plea offer. After "Motions Day," the petitioner told counsel he wanted to go to trial. Counsel acknowledged that prior to trial, he filed a motion for discovery and a motion in limine regarding the State's being able to impeach the petitioner with his prior convictions. On redirect examination, counsel testified that he did not remember the petitioner telling him that the petitioner had smoked marijuana the night before his confession to Detective Vandiver.

In the post-conviction court's written order, it noted that Detective Vandiver testified the petitioner did not appear to be under an altered mental state when he gave his confession and that

Detective Vandiver gave the petitioner <u>Miranda</u> warnings prior to the interview. The court concluded that no credible evidence supported the petitioner's claim that his confession was coerced. Regarding the petitioner's claim that counsel should have filed a motion to suppress his confession, the court noted that counsel testified he did not file the motion because no grounds existed to support it. The post-conviction court agreed with counsel's conclusion and held that "counsel cannot be inadequate for failing to file a baseless motion." The court denied the petition for post-conviction relief.

## II. Analysis

The petitioner claims that he received the ineffective assistance of counsel because his trial attorney failed to file a "routine" motion to suppress in order to determine "whether or not this Defendant from the Phillippines understood what he was signing." The State contends that no grounds existed to support a motion to suppress and, therefore, that counsel did not render deficient performance for failing to file the motion. Based upon the record and the parties' briefs, we conclude that the post-conviction court properly denied the petition.

To be successful in a claim for post-conviction relief, the petitioner must prove all factual allegations contained in the post-conviction petition by clear and convincing evidence. <u>See</u> Tenn. Code Ann. § 40-30-110(f). "'Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" <u>State v. Holder</u>, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999) (quoting <u>Hodges v. S.C. Toof & Co.</u>, 833 S.W.2d 896, 901 n.2 (Tenn. 1992)). Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence adduced at trial are to be resolved by the post-conviction court as the trier of fact. <u>See</u> <u>Henley v. State</u>, 960 S.W.2d 572, 579 (Tenn. 1997). Therefore, we afford the post-conviction court's findings of fact the weight of a jury verdict, with such findings being conclusive on appeal absent a showing that the evidence in the record preponderates against those findings. <u>Id.</u> at 578.

A claim of ineffective assistance of counsel is a mixed question of law and fact. <u>See</u> <u>State v. Burns</u>, 6 S.W.3d 453, 461 (Tenn. 1999). We will review the post-conviction court's findings of fact de novo with a presumption that those findings are correct. <u>See</u> <u>Fields v. State</u>, 40 S.W.3d 450, 458 (Tenn. 2001). However, we will review the post-conviction court's conclusions of law purely de novo. <u>Id.</u>

"To establish ineffective assistance of counsel, the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." <u>Goad v. State</u>, 938 S.W.2d 363, 369 (Tenn. 1996) (citing <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)). In evaluating whether the petitioner has met this burden, this court must determine whether counsel's performance was within the range of competence required of attorneys in criminal cases. <u>See</u> <u>Baxter v. Rose</u>, 523 S.W.2d 930, 936 (Tenn. 1975).

The petitioner testified at the evidentiary hearing that he was "a little intimidated" by Detective Vandiver but that the detective did not threaten him and that Detective Vandiver gave him

<u>Miranda</u> warnings before the interview. Although Detective Vandiver wrote out the petitioner's statement, the petitioner initialed each line and signed the bottom of each page. The petitioner testified that he smoked marijuana the night before his confession. However, Detective Vandiver testified that he saw nothing to indicate the petitioner was in an altered mental state at the time of the interview, and the post-conviction court obviously accredited the detective's testimony over that of the petitioner. Finally, although English is not the petitioner's native language, the petitioner never said he was unable to communicate adequately with Detective Vandiver or his attorney. Trial counsel testified that he saw no grounds to support a motion to suppress, and the post-conviction court agreed. We also conclude that the petitioner has failed to show that his attorney rendered deficient performance by failing to file a motion to suppress. Therefore, he is not entitled to post-conviction relief.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the post-conviction court.

_____
NORMA McGEE OGLE, JUDGE